UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LEONARD WILLIAM WALKER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES CUSTOMS AND<br>BORDER PROTECTION, *et al.*,<br><br>　　　　Defendants. | Case No.  C11-1557RSL<br><br>ORDER DENYING MOTION<br>APPEALING DENIAL OF<br>REQUEST FOR COURT-<br>APPOINTED COUNSEL |

　　　　This matter comes before the Court on Plaintiff's pro se "Appeal Motion for a Court Appointed Attorney" (Dkt. # 10).  Plaintiff disagrees with Magistrate Judge James P. Donohue's decision to deny Plaintiff's request for a court-appointed attorney.  Dkt. # 7.  The Court DENIES the motion.

　　　　As Judge Donohue correctly noted, "[t]he decision to appoint counsel rests within 'the sound discretion of the trial court and is granted only in exceptional circumstances.'"  Id. (quoting Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004) (citation omitted)).  "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'"  Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (alteration in original) (citation omitted).  And the Court agrees that neither of these factors favor Plaintiff's request.

ORDER DENYING MOTION APPEALING DENIAL
OF REQUEST FOR COURT-APPOINTED COUNSEL - 1

First, Plaintiff's claim against "these Government Agencies for damages of libel, slander and defamation" is unlikely to succeed.  "The [Federal Torts Claim Act] is the exclusive remedy for tortious conduct by the United States, and it only allows claims against the United States."  FDIC v. Craft, 157 F.3d 697, 706 (9th Cir. 1998).  Though FTCA "claims can arise from the acts or omissions of United States agencies (28 U.S.C. § 2671), an agency itself cannot be sued under the FTCA."  Id.  Moreover, even operating under the assumption that Plaintiff could amend his complaint to name the United States as defendant, his claims for damages are foreclosed by 28 U.S.C. § 2680(h), which reserves the United States' sovereign immunity against "[a]ny claim arising out of . . . libel, slander, misrepresentation, [or] deceit."

Notably, though, the Court recognizes that Plaintiff's claims for injunctive relief stand on different footing.  In enacting the Administrative Procedure Act, specifically that portion codified at 5 U.S.C. § 702, Congress "eliminate[d] the defense of sovereign immunity as to any action in a Federal court seeking relief other than money damages and stating a claim based on the assertion of unlawful official action by an agency or by an officer or employee of the agency."  Veterans for Common Sense v. Shinseki, 644 F.3d 845, 865 n. 19 (9th Cir. 2011).  At this time, however, the Court cannot glean from Plaintiff's complaint any "unlawful official action" on the part of the named Defendants or any other domestic federal agency or official.  Frankly, Plaintiff's issue appears to be with the Canadian government, which, according to Plaintiff, has failed to inform the United States government of his acquittal of sexual assault charges in Canada.  Dkt. # 10 at 1–2, 15–16.  This is an issue Plaintiff needs to take up with Canadian authorities.  The United States' reliance on official information provided to it by Canadian authorities simply does not give rise to a cause of action for "libel, slander [or] defamation."

Second, there does not appear to be any reason why Plaintiff cannot articulate his claims pro se.  Libel, slander, and defamation are common and uncomplex claims.  And,

ORDER DENYING MOTION APPEALING DENIAL
OF REQUEST FOR COURT-APPOINTED COUNSEL - 2

for reasons already explained, any complexities that might exist were Plaintiff to possess an <u>actionable</u> APA claim do not appear present in this case.

For all of the foregoing reasons, the Court DENIES Plaintiff's motion (Dkt. # 10). It notes for Plaintiff's benefit that his response to Defendants' pending motion to dismiss is due no later than Monday, May 7, 2012.

DATED this 25th day of April, 2012.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION APPEALING DENIAL
OF REQUEST FOR COURT-APPOINTED COUNSEL - 3